# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
AARON A. AQUINO, BAR NO. 11772.

No. 83339

**FILED**

JAN 27 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Aaron A. Aquino be suspended from the practice of law for three years based on three violations of RPC 1.15 (safekeeping property); two violations of RPC 1.3 (diligence); and one violation each of RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 1.5 (fees), RPC 8.1 (Bar admission and disciplinary matters), and RPC 8.4 (misconduct). The State Bar has filed a brief opposing the panel's recommendation and instead seeking disbarment. Aquino has not filed a brief.

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hill Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review a disciplinary panel's conclusions of law and recommended discipline de novo. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Aquino committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact in this matter as Aquino and the State Bar stipulated to them during the disciplinary proceedings. Based on those findings, we agree with the panel's conclusions that the State Bar

22-02714

established by clear and convincing evidence that Aquino violated the above-listed rules by misappropriating approximately $700,000 in client funds, failing to properly communicate with clients, and failing to respond to inquiries from the State Bar.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 224, 756 P.2d 464, 527-28, 535 (1988) (noting the purpose of attorney discipline).

Aquino violated duties owed to his clients, to the public, and to the legal profession. Because Aquino knew his accounts were out of balance, misled clients regarding their funds, and could not explain how the personal purchases from his accounts related to client costs, Aquino knowingly violated his ethical duties. Aquino's misconduct caused injury to his clients as they did not receive their funds or their lienholders were not paid. Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2018) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations . . . ."), we agree with the State Bar that the baseline sanction before considering aggravating and mitigating circumstances is disbarment. *See id.* Standard 4.11, at 455 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's findings of two aggravating circumstances (prior

 

discipline and "the almost uniform failure to monitor what was going on with [his] accounts"). But to the extent the record supports the mitigating circumstances found by the panel (acceptance of responsibility, inexperience in the practice of law, personal and emotional problems, and remorse), we conclude they do not warrant a downward deviation from disbarment.

Accordingly, we hereby disbar attorney Aaron A. Aquino from the practice of law in Nevada. Such disbarment is irrevocable. SCR 201(1). Aquino shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days from the date of this order if he has not already done so. The parties shall comply with SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                                          Stiglich

_____, J.        _____, J.
Cadish                                             Silver

_____, J.        _____, J.
Pickering                                         Herndon

cc:    Chair, Southern Nevada Disciplinary Board
        Pitaro & Fumo, Chtd.
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court